# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAVID GONZALES,

    Plaintiff,

v.                                                             Civ. No. 16-1045 MCA/GBW

BERNALILLO COUNTY SHERIFF'S
DEPARTMENT and J. GARCIA,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Plaintiff's Objections (*doc. 36*) to the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 33*). At issue in this Order are Defendants' Motion for Summary Judgment (*doc. 23*), Plaintiff's Motion to Reinstate Default Judgment (*doc. 14*), and Plaintiff's Motion to Remand (*doc. 15*). Having reviewed the relevant filings and the applicable law, the Court will overrule the objections and adopt the Proposed Findings and Recommended Disposition. Accordingly, the Court will grant Defendants' Motion for Summary Judgment and deny Plaintiff's Motion to Reinstate Default Judgment and Motion to Remand.

    I.     **BACKGROUND**

Plaintiff was arrested on January 6, 2015 for trafficking and distribution of a controlled substance and being a felon in possession of a firearm following a search of

his home by the Bernalillo County Sheriff's Office, conducted pursuant to a search warrant. *Doc. 22* at 1-2; *doc. 22-1* at 9. The search of Plaintiff's home revealed methamphetamine, heroin, digital scales, plastic bags consistent with narcotics trafficking, a loaded ammunition clip, a ballistic vest, and a .380 handgun. *Doc. 22* at 2; *doc. 22-5*. Plaintiff sued Defendants in the Second Judicial District Court of New Mexico on October 28, 2015. *Doc. 1-1*. Plaintiff's Complaint states that it is a tort suit brought pursuant to the New Mexico Tort Claims Act (NMTCA). *Id.* at 1. Plaintiff also alleges constitutional violations arising under the Fourth, Fifth, and Fourteenth Amendments as a result of the search of his home. *Id.* at 2. These allegations are properly construed as claims brought pursuant to 42 U.S.C. § 1983.

Plaintiff was initially granted an entry of default by the state court below on June 30, 2016 due to Defendants' failure to respond to Plaintiff's Complaint or appear at a hearing in the matter. *See doc. 7-1* at 31-33. However, upon motion by Defendants, the state court set aside its entry of default pursuant to Rule 1-055(C) of the New Mexico Rules of Civil Procedure on September 2, 2016, prior to the entry of a final default judgment. *See id.* at 39-44; 58-59. Defendants removed this action on September 21, 2016. *Doc. 1*. Following removal, Plaintiff filed a Motion to Reconsider and a Motion to Remand, asking the Court to reinstate the default judgment set aside by the state court below and to remand this matter to state court. *Docs. 14, 15*. Defendants then filed a *Martinez* Report in lieu of formal discovery concurrently with their Motion for

Summary Judgment on December 9, 2016. *Docs. 22, 23*. Plaintiff filed his own Motion for Summary Judgment on February 13, 2017 (*doc. 29*), but his motion has been construed as a response to Defendants' summary judgment motion, and therefore, to the extent it is a separate motion, it will be denied. *See doc. 32*.

On April 4, 2017, the Magistrate Judge filed his Proposed Findings and Recommended Disposition (PFRD). *Doc. 33*. The Magistrate Judge first examined the jurisdictional issue as to whether the Court has authority to reconsider and overturn orders entered by the state court prior to removal. *Id.* at 3-5. After determining that it does, the Magistrate Judge recommended that the Court deny Plaintiff's Motion for Reconsideration (*doc. 14*) and Motion to Remand (*doc. 15*) on the basis that the entry of default was properly set aside for good cause shown. *Doc. 33* at 5-7. The Magistrate Judge also noted that Plaintiff's Motion to Remand was untimely and recommended denying it on that alternative basis. *Id.* at 6.

As for Defendants' Motion for Summary Judgment (*doc. 23*), the Magistrate Judge recommended that the Court grant that motion on the following grounds: (1) Defendant Garcia is entitled to summary judgment on the basis of qualified immunity; (2) Defendant Bernalillo County Sheriff's Department is entitled to summary judgment because no reasonable jury could find that a constitutional violation occurred under the evidence presented; and (3) Plaintiff's NMTCA claims should be dismissed due to his failure to comply with the notice requirement of the Act. *Doc. 33* at 15-36.

On April 28, 2017, Plaintiff filed Objections to the PFRD. *Doc. 36*. Plaintiff argues that (1) the evidence does create a triable issue as to whether his constitutional rights were violated by Defendants and (2) Plaintiff correctly followed procedure in the state court below, and therefore Defendants received the proper notice of his NMTCA claims. *See id.* at 2-6.

## II. LEGAL STANDARD APPLICABLE TO OBJECTIONS

The motions at issue were referred to the Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (b)(3). *See doc. 12*. When resolving objections to a magistrate judge's PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). The Tenth Circuit has held "that a party's objections to [a] magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). When neither party objects to a finding or recommendation, no further review by the district court is required. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

4

### III. ANALYSIS

As a preliminary matter, Plaintiff offers no objections regarding the Magistrate Judge's recommendation to deny Plaintiff's Motion to Reinstate Default Judgment (*doc. 14*) and Motion to Remand (*doc. 15*). Upon review of the record, the Court concurs with the Magistrate Judge's findings and recommendations as to those motions, and will therefore adopt them and deny those motions without further analysis. *See Thomas*, 474 U.S. at 151-52. Plaintiff also does not object to the Magistrate Judge's findings and recommendation regarding Defendant Garcia's entitlement to summary judgment on the basis of qualified immunity. *Doc. 33* at 15-18. Having reviewed the applicable law and pertinent facts, the Court finds that Plaintiff has not met his burden of showing that Defendant Garcia's conduct violated Plaintiff's constitutional rights under clearly established law. Therefore, the Court agrees that Defendant Garcia is entitled to summary judgment on the basis of qualified immunity and will grant it to him. *See Pueblo Neighborhood Health Ctrs., Inc., v. Losavio*, 847 F.2d 642, 645-46 (10th Cir. 1988).

Plaintiff objects to the PFRD claiming that the Magistrate Judge improperly concluded that (1) the evidence does not create a triable issue as to whether Plaintiff's constitutional rights were violated, and (2) Plaintiff failed to comply with the notice requirement of the NMTCA. *See doc. 36* at 2-6. Specifically, Plaintiff argues that the affidavit supporting the search warrant contained known falsehoods and information from a non-credible confidential source, and that the judge who issued the warrant was

not a neutral magistrate.  *Id.* at 3-5.  Plaintiff contends that this evidence establishes a triable question as to whether Defendants violated his constitutional rights to due process under the Fourteenth Amendment and to be free of unreasonable searches and seizures under the Fourth Amendment.  *Id.*  Additionally, Plaintiff asserts that the records from the state court below suffice to show that he complied with the NMTCA's notice requirement.  *Id.* at 6.  The Court will address each argument in turn.

> **A.  Sufficiency of the Affidavit Underlying the Search Warrant**

Plaintiff rightly states that a Fourth Amendment violation may exist where public officials "'engage[] in a deliberate course of conduct, complete with false information, designed to gain entry into' a home, and [where] the false information was essential to persuade a judge to issue the [warrant] upon which the officer relied . . . in gaining entry into a home."  *Doc. 36* at 3-4 (quoting *Snell v. Tunnell*, 920 F.2d 673, 698-99 (10th Cir. 1990)).  Moreover, Plaintiff is correct in asserting that the presumption that an officer relying on a search warrant has acted in good faith may be overcome by a showing that the affidavit underlying the warrant is "devoid of factual support," even if the facts it contains are legally sufficient.  *Doc. 36* at 4-5 (quoting *United States v. McKneely*, 6 F.3d 1447, 1454 (10th Cir. 1993) (citation omitted)).  Plaintiff argues that he has presented sufficient evidence for a reasonable jury to find that Defendants violated his Fourth Amendment rights on these grounds.  In support of this argument, Plaintiff relies on the following evidence: (1) exhibits which Plaintiff alleges contain perjury by

6

government officials, *doc. 36* at 4 (citing *doc. 29* at 12, 13, 17-18, and 29); and (2) the affidavit in support of the warrant, which Plaintiff claims lacks credibility insofar as it contains information from a confidential source who made contradictory statements. *Id*.

As to the first proffered evidentiary basis for Plaintiff's Fourth Amendment argument, the exhibits Plaintiff cites are not pertinent to the present analysis, as all of these documents post-date the search of Plaintiff's home. Specifically, Plaintiff alleges that: (1) two affidavits which were submitted to the state court below falsely claimed that Defendants did not receive the summons and complaint in this lawsuit (*doc. 29* at 12, 13); (2) Defendant Garcia perjured himself in his affidavit contained in Defendants' *Martinez* Report describing how he obtained the search warrant and executed the search (*id*. at 17-18); and (3) Palmela Ortiz-Reed, a paralegal employed by the County of Bernalillo, perjured herself in her affidavit stating that Plaintiff failed to file a Notice of Tort Claim in the Tort Claims Notice Database for the County of Bernalillo (*id*. at 29). *See doc. 36* at 4. As these documents did not underlie the grant of the search warrant, they are not relevant to the analysis under the Fourth Amendment as to whether public officials deliberately provided false information to a judge in order to obtain the warrant. *See United States v. Leon*, 468 U.S. 897, 914 (1984); *Franks v. Delaware*, 438 U.S. 154, 165 (1978).

As to the second proffered evidentiary basis for Plaintiff's Fourth Amendment argument, the allegedly contradictory statements identified by Plaintiff in his objections are contained in the affidavit for search warrant prepared by Defendant Detective J. Garcia. *See doc. 22-2*.[1] Defendant Garcia relied in part on a confidential source when conducting his four-week investigation of Plaintiff prior to applying for a search warrant of Plaintiff's residence. *See id.* at 2. According to Defendant Garcia's affidavit, the confidential source told him that the source "had first-hand knowledge that [Plaintiff] was trafficking narcotics out of his residence and also utilized his vehicle to conduct narcotics transactions." *Id*. In the subsequent paragraph, the affidavit provides that the confidential source told Defendant Garcia that Plaintiff "would primarily meet [the source] at various locations away from [Plaintiff's] residence" and that Plaintiff "resides somewhere in Westgate." *Id*. Plaintiff argues that these latter statements contradict the claim that the confidential source had first-hand knowledge of Plaintiff's trafficking out of his residence, and are thus indicative of the source's lack of credibility. *See doc. 29* at 3-4, 21; *doc. 36* at 4.

As the Magistrate Judge noted in his PFRD, even if the Court were to accept that these statements were contradictory, such discrepancies do not show "deliberate falsehood or reckless disregard for truth, [which is] needed to challenge the presumed

---

[1] Plaintiff mistakenly cites to the post-arrest supplemental report form prepared by Defendant Garcia rather than to the affidavit underlying the warrant, but the statements at issue are the same in both. *See doc. 36* at 4; *doc. 22-1* at 6; *doc. 22-2* at 2. Construing his filings liberally, the Court will consider these statements in the context of the affidavit, as the content of the supplemental report has no bearing on the analysis of the truthfulness of the documents underlying the search warrant.

validity of an affidavit supporting a search warrant[.]" *Snell*, 920 F.2d at 698 (citing *Franks*, 438 U.S. at 171). Moreover, the credibility of the confidential source was established by the ensuing investigation, which corroborated the information the source provided to Defendant Garcia. *See doc. 22-2* at 2-4. Such corroborating evidence included: (1) a hand-to-hand transaction between the source and Plaintiff, witnessed by Defendant Garcia, during which the source purchased a substance from Plaintiff that field-tested positive for methamphetamine; (2) observations by Defendant Garcia of other hand-to-hand transactions between Plaintiff and other parties over the course of several weeks; and (3) observations by Defendant Garcia of substantial traffic to Plaintiff's home involving visits lasting no longer than five minutes. *Id.* Therefore, substantial evidence supported the hearsay statements of the confidential source, establishing the requisite probable cause for the judge to approve the search warrant. *See Illinois v. Gates*, 462 U.S. 213, 241-42 (1983).

In short, Plaintiff has not produced sufficient evidence for a reasonable jury to conclude that Defendant Garcia included any false information—let alone deliberately or recklessly false statements—in the affidavit underlying the search warrant, as would be required to state a triable Fourth Amendment claim on the grounds proffered. The Court will therefore overrule Plaintiff's objections on this point and adopt the Magistrate Judge's proposed findings that there is no evidence from which a reasonable jury could conclude either (1) that the search warrant was not supported by probable

cause or (2) that Defendant Garcia fabricated the factual basis for the search warrant in his affidavit.

### B. Neutrality of the Magistrate who Approved the Search Warrant

Plaintiff next asserts that the judge who approved the search warrant, Second Judicial District Court Judge Brett R. Lovelace, was not a neutral magistrate because he presided over Plaintiff's trial court proceedings on January 12, 2015, six days after the search of Plaintiff's home. *Doc. 36* at 5. Plaintiff is correct that where an "alleged Fourth Amendment violation involves a search . . . pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an 'objectively reasonable manner' or . . . in 'objective good faith.'" *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *Leon*, 468 U.S. at 922-23). Moreover, "it is essential that a magistrate issuing a search warrant be neutral and detached." *United States v. Ramirez*, 63 F.3d 937, 941 (10th Cir. 1995). Where a search warrant is issued by a judge who is not neutral and detached from the matter at hand, any search conducted pursuant to that warrant "stands on no firmer ground than if there had been no warrant at all." *Id.* (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 453 (1971)). The neutrality inquiry is an "individualized and contextual" one, requiring courts to "focus on the specific circumstances surrounding the issuance of the warrant" in determining "whether the magistrate 'manifested that neutrality and detachment demanded of a

10

judicial officer when presented with a warrant application[.]'" *Id.* (quoting *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 326 (1979)).

While the inquiry is fact-specific and contextual, some guidance may be gleaned from existing Supreme Court and Tenth Circuit precedents. For instance, the Supreme Court has found a lack of neutrality and detachment in cases where the warrant-issuing magistrate directly participated in the investigation or prosecution of the suspected crime. *See, e.g.*, *Lo-Ji Sales*, 442 U.S. at 326-28; *see also Coolidge*, 403 U.S. at 450-51. The Supreme Court has also held that a magistrate lacks neutrality and detachment where he has a "direct, personal, substantial, pecuniary interest" in the decision of whether to issue or deny the warrant sought. *Connally v. Georgia*, 429 U.S. 245, 250 (1977); *see also Tumey v. Ohio*, 273 U.S. 510, 523 (1927); *Ward v. Village of Monroeville*, 409 U.S. 57, 59-60 (1972).

For its part, the Tenth Circuit has engaged in the neutrality and detachment inquiry in light of the requirements of the disqualification statute, 28 U.S.C. § 455. *See United States v. Guthrie*, 184 F. App'x 804, 806-08 (10th Cir. 2006) (unpublished).[2] That statute requires a magistrate to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The "test for recusal is 'whether a reasonable person, knowing all the relevant facts, would harbor doubts

---

[2] The *Guthrie* court explicitly declined to express an opinion as to whether a violation of the disqualification statute always amounts to a violation of the "neutral and detached" requirement of the Fourth Amendment. 184 F. App'x at 807 n.2.

11

about the judge's impartiality.'" *Guthrie*, 184 F. App'x at 807 (quoting *David v. City and Cnty. of Denver*, 101 F.3d 1344, 1350 (10th Cir. 1996)). Further, absent other factors, there is "no reason to question the magistrate's impartiality" where the evidence "'overwhelmingly' establishes probable cause." *Guthrie*, 184 F. App'x at 808 (citing *United States v. Outler*, 659 F.2d 1306, 1312 (5th Cir. 1981)).

Here, Plaintiff has presented no evidence demonstrating that Judge Lovelace had any personal or pecuniary interest in his case. For instance, Plaintiff has not pointed to any personal or professional association between him and the magistrate, any involvement of the magistrate in investigating or prosecuting Plaintiff's case, or any other reason why his impartiality might be questioned.[3] Plaintiff's sole argument is that Judge Lovelace "was in fact my trial court judge on . . . Jan[uary] 12, 2015, and sign[ed] this [warrant] . . . which was used/relied upon to gain entry into my home . . . . This [warrant] was executed six days before my trial[.]" *Doc. 36* at 5. Plaintiff also notes that

---

[3] Even if the Court were to adopt the requirements of the disqualification statute as the proper yardstick for gauging the whether the "neutral and detached" requirement of the Fourth Amendment has been met, that statute would not require recusal under the circumstances here. Plaintiff does not argue that Judge Lovelace (1) had any personal bias or prejudice against him; (2) had any personal knowledge of disputed evidentiary facts concerning the proceeding; (3) previously served as a lawyer in the matter or previously practiced law with a lawyer who was involved in the matter during their association; (4) was a material witness concerning the matter or that his spouse or any person within the third degree of relationship to either of them was likely to be a material witness in the proceeding; (5) participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of this particular case; (6) had any financial or other interest in the subject matter at controversy, or that his spouse or minor child or any person within the third degree of relationship to either him or his spouse had such an interest which was known to him; or (7) was a party to the proceeding, or an officer, director, or trustee of a party, or that his spouse or a person within the third degree of relationship to either of them was a party to the proceeding, or an officer, director, or trustee of a party. *See* 28 U.S.C. § 455(b).

the January 12 trial was a criminal case unrelated to the search warrant. *Id*. However, there is no legal support for the argument that a magistrate's mere knowledge of a particular target of a search warrant as a criminal defendant in another case creates the specter of bias or impartiality. Nor is there any evidence in the summary judgment record that Judge Lovelace had a personal or pecuniary interest in the outcome of either criminal matter, as he was sitting as a neutral and detached magistrate in both proceedings rather than in an adversarial position to Plaintiff. Finally, as discussed above, there is overwhelming evidence in this case to establish probable cause, and under such circumstances it is inappropriate to question the magistrate's impartiality without additional evidence supporting Plaintiff's naked accusation of bias. *See Guthrie*, 184 F. App'x at 808; *Outler*, 659 F.2d 1306, 1312.

In sum, Plaintiff has presented no evidence from which a reasonable jury could conclude that the search warrant was either issued or executed in violation of Plaintiff's Fourth Amendment right against unreasonable searches. The Court will therefore overrule Plaintiff's objections regarding the sufficiency of the affidavit supporting the search warrant and the neutrality and detachment of the magistrate who approved the warrant. In order to prevail on his § 1983 claim against Defendant Bernalillo County Sheriff's Office at trial, Plaintiff would be required to prove "(1) that a municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional violation." *Myers v. Okla. Cty.*

*Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). As Plaintiff has not made a sufficient factual showing to create a genuine issue of material fact as to whether employees of Defendant Bernalillo County Sheriff's Office committed any constitutional violations in this case, the County Defendant is accordingly entitled to summary judgment on Plaintiff's constitutional claims.[4]

C. **Compliance with the Notice Requirement of the NMTCA**

As discussed in the Magistrate Judge's PFRD and uncontroverted by Plaintiff, the Tort Claims Database contains no record of Plaintiff having filed the requisite notice of his lawsuit pursuant to N.M.S.A. § 41-4-16(A). *See doc. 33* at 14; *see also doc. 22-7*. However, Plaintiff objects to the recommended finding that he failed to comply with the Act's notice requirement. *See doc. 36* at 6. In support, Plaintiff cites to the record of the state court proceedings below showing that he followed proper procedure in bringing the lawsuit generally. *Id*. Plaintiff further relies on the fact that his initial Complaint stated that the suit was being brought pursuant to the NMTCA. *See id*. These

---

[4] Plaintiff's Complaint also purports to state claims under the Fifth and Fourteenth Amendments. *See doc. 1-1* at 2. However, as noted in the Magistrate Judge's PFRD, Plaintiff states no independent claims under the Fourteenth or Fifth Amendment. *See doc. 33* at 21-22, 32-33; *see also Albright v. Oliver*, 510 U.S. 266, 273 (1994) (explaining that where a certain Amendment, such as the Fourth Amendment, "'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing' such a claim." (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see also Gerstein v. Pugh*, 420 U.S. 103, 125 n.27 (explaining that procedural due process claims based on seizures of property are best analyzed under the Fourth Amendment); *see also Dusenberry v. United States*, 534 U.S. 161, 167 (2002) (due process claims against state officials arise under the due process clause of the Fourteenth—rather than the Fifth—Amendment). Therefore, all of Plaintiff's constitutional claims are properly analyzed under the Fourth Amendment alone. Moreover, as Plaintiff has not objected to this portion of the Magistrate Judge's analysis, any dispute as to this finding has not been preserved for review by the Court. *See 2121 E. 30th St.*, 73 F.3d at 1060.

arguments are unavailing, as Plaintiff continues to conflate the notice provided to Defendants by the service of a complaint and summons with the Notice of Tort Claim required under the Act.

Under the Act, the plaintiff must "cause to be presented to . . . the county clerk of a county for claims against the county . . . a written notice stating the time, place and circumstances of the loss or injury" within ninety days after the occurrence giving rise to his underlying claims. N.M.S.A. § 41-4-16(A). A neutral third-party paralegal employed by the County of Bernalillo has signed a sworn affidavit stating that no such notice exists in the database for the County. *Doc. 22-7*. Plaintiff has offered no substantive evidence to dispute this fact, other than accusing the paralegal of committing perjury. *See doc. 29* at 2; *doc. 36* at 4. As explained by the Magistrate Judge in his PFRD, there is substantial evidence showing that Plaintiff has simply misunderstood the distinction between the Notice of Tort Claim he was required to file with the county clerk under the NMTCA and the notice provided to Defendants by service of the complaint and summons. *See doc. 33* at 34-36. Without the requisite Notice of Tort Claim having been timely filed, the Court simply has no jurisdiction to consider Plaintiff's NMTCA claim. N.M.S.A. § 41-4-16(B). As Plaintiff has provided the Court with no factual grounds upon which it could conclude that he complied with the Act, the Court will adopt the Magistrate Judge's recommended finding that Plaintiff

failed to comply with the notice requirement. Accordingly, the Court will dismiss Plaintiff's NMTCA claim based on lack of jurisdiction to consider it.

## IV. CONCLUSION

Plaintiff has presented no evidence from which a reasonable jury could conclude that his constitutional rights under the Fourth, Fifth, or Fourteenth Amendments were violated by the issuance or execution of the search warrant underlying the search of his home and subsequent arrest. Plaintiff also failed to comply with the notice requirement of the NMTCA, resulting in a fatal jurisdictional defect as to his tort claim.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

(1) Plaintiff's Motion to Reconsider (*doc. 14*) is DENIED;

(2) Plaintiff's Motion to Remand (*doc. 15*) is DENIED;

(3) Plaintiff's Motion for Summary Judgment (*doc. 29*) is DENIED AS MOOT;

(4) Plaintiff's objections (*doc. 36*) are OVERRULED;

(5) The Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 33*) is ADOPTED;

(6) Defendants' Motion for Summary Judgment (*doc. 23*) is GRANTED; and

(7) Plaintiff's claims are DISMISSED with prejudice.

**M. CHRISTINA ARMIJO**
**Chief United States District Judge**